UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PRESTON HARDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-00986-SEB-MJD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| BECKER LANDSCAPE CONTRACTORS, | ) | |
| INC., and GW COMMERCIAL SERVICES, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

AMENDED

**ENTRY ON GW COMMERCIAL SERVICES, INC.'S MOTION TO DISMISS** [1]

Presently before the Court is the Motion to Dismiss [Docket No. 121], filed by

Defendant GW Commercial Services, Inc. ("GW") on July 7, 2011, pursuant to Rule

12(b)(1) of the Federal Rules of Civil Procedure.   The motion is fully briefed, and the

Court, being duly advised in the matter, GRANTS the motion and DISMISSES this action

against Defendant GW WITHOUT PREJUDICE for the reasons set forth in the following

entry.

**<u>Factual Background</u>**

Because this lawsuit involves the classic "slip-and-fall" narrative, the factual

recitations in the record are refreshingly brief.   The pertinent "players" in the matter are

Plaintiff, Preston Hardy, a resident of Marion County, Indiana, and three Defendants:   the

United States of America, Becker Landscape Contractors, Inc. ("Becker"), and GW.

[1] This Amended Entry is issued to correct an error on page 11 of the original Entry at Docket No. 166.  Plaintiff's claims against Defendant Becker Landscape Contractors, Inc. were dismissed on October 11, 2011, so those claims do not remain pending in this court.  This Amended Entry is otherwise identical to the original Entry.

Third Am. Compl. (hereafter "Compl.") ¶¶ 1, 3-5.   Defendants Becker and GW are both

Indiana corporations with principal places of business located in Marion County, Indiana.

*Id.* ¶ 4-5.   GW is a not-for-profit subentity of Goodwill Industries of Central Indiana, Inc.

("GICI").   Def.'s Reply Ex. 2 ¶ 8.[1]   At all times relevant to this action, Mr. Hardy was a

civilian contract employee of GW.   *Id.* ¶ 9; *see* Def.'s Ex. A.[2]  He was employed as a

part-time janitor with a typical shift schedule of 7:00 to 10:30 a.m.   Def.'s Ex. B at 1.[3]

For purposes of this lawsuit, a single nexus exists among the foregoing parties:   the

Major General Emmett J. Bean Federal Center.   This building, owned by the United States

(and interchangeably called "Fort Ben" or "Building One"), is located at 8899 East 56th

Street, Indianapolis, Indiana.   *See* Compl. ¶ 6; Def.'s Reply Ex. 2 ¶ 6.   According to Mr.

Hardy, Becker and GW are both contractually obligated to clear snow and ice from the

premises.   Compl. ¶¶ 7-8.   Moreover, due to its participation in the federal AbilityOne

program, GW enters into "AbilityOne contracts" concerning employees who are eligible

for the program.   Def.'s Reply Ex. 2 ¶ 5.   Mr. Hardy was such an employee; his signed

Orientation Checklist for [GW] at Building One is dated July 24, 2006.   *Id.* ¶ 6; Def.'s

Reply Ex. 2-6 (orientation checklist).

---

[1]Defendant's Exhibit 2 is the affidavit of Daniel J. Riley, Vice President and Chief Financial Officer of GW.   Mr. Riley asserts that GW is "related to and controlled by" Goodwill. Def.'s Reply Ex. 2 ¶ 8.

[2]Defendant's Exhibit A is an employee pay history report; the employer is listed as "GW Commercial Services, Inc.," and the employee is listed as "Preston Hardy."   This particular report details Mr. Hardy's pay between February 13, 2007 and April 30, 2007.   Def.'s Ex. A at 1.

[3]Defendant's Exhibit B is a performance review designed for employees of "Goodwill Commercial Services, Inc." and "Goodwill Industrial Services."   Specifically, this document represents was a six-month review completed for "Preston Hardy" and dated January 2007. Def.'s Ex. B. at 1.

Mr. Hardy alleges that on February 20, 2007, at approximately 6:55 a.m., he slipped and fell on ice on the sidewalk located southwest of Building One.[4]   Compl. ¶ 9; Pl.'s Resp. at 1.   He asserts the following injuries:   physical pain, suffering, medical expenses, and lost wages.   Compl. ¶ 13.   According to Mr. Hardy, all Defendants knew (or, in the exercise of reasonable care, should have known) that he regularly traversed this sidewalk on his way to work.   Thus, he argues that Defendants:   (1) owed him a duty to inspect the walkway and remove dangerous conditions; (2) breached this duty by failing to clear the walkway of ice and warn invitees of the associated danger; and (3) directly and proximately caused his injuries by breaching these duties.   *Id.* ¶¶ 11-13.

On November 14, 2008, Mr. Hardy submitted a Standard Form 95[5] to Defense Finance and Accounting Services.   General Services Administration received this form and denied Mr. Hardy's claims on April 9, 2009.   Compl. ¶¶ 14-15.   Thereafter, on August 11, 2009, Mr. Hardy initiated the instant lawsuit in federal court by filing his original Complaint [Docket No. 1].   Following a flurry of procedural maneuvers on both sides, he was granted leave to amend the Complaint on two occasions.   He filed the Third Amended Complaint [Docket No. 100], which names GW as a Defendant for the first time,

---

[4]We note that Mr. Hardy's initial pleadings do not describe the locus of his fall with particularity.   Rather, paragraph 9 of the Complaint states that he "was caused to slip and fall due to un-removed and/or un-treated ice on the walkway located southwest of the entry."   Compl. ¶ 9. Even drawing all reasonable inferences in Mr. Hardy's favor, as the Court must do, the most logical conclusion is that the applicable "entry" is to the building described in paragraphs 6 through 9—Building One.   Mr. Hardy's response brief, which asserts that the United States owns "the property located where [he] fell," corroborates our interpretation.   Pl.'s Resp. at 1.
[5]Standard Form 95 is used to present claims against the United States under the Federal Tort Claims Act.

on April 21, 2011.

## Legal Analysis

### I.  Standard of Review

Defendant GW has filed its Motion to Dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(1), which requires dismissal of a lawsuit if the court lacks subject matter

jurisdiction.   Fed. R. Civ. P. 12(b)(1).   In this procedural context, the court generally

accepts all well-pled allegations from the complaint as true and draws all reasonable

inferences in the plaintiff's favor.   *See Franzoni v. Hartmax Corp.*, 300 F.3d 767, 771 (7th

Cir. 2002).   The court "may [also] properly look beyond the jurisdictional allegations of

the complaint and view whatever evidence has been submitted on the issue to determine

whether in fact subject matter jurisdiction exists."   *Capitol Leasing Co. v. F.D.I.C.*, 999

F.2d 188, 191 (7th Cir. 1993).   Because "[j]urisdiction is the 'power to declare law,'" a

district court may not proceed in its absence.   *Hay v. Ind. State Bd. of Tax Com'rs*, 312

F.3d 876, 879 (7th Cir. 2002) (citing *Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574, 577

(1999)).

Federal courts are courts of limited jurisdiction, which they may exercise only over

matters authorized by the Constitution and the laws of the United States.   *Int'l Union of*

*Operating Eng'rs, Local 150, AFL–CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009).

Consequently, federal courts must scrupulously police the boundaries of their own

jurisdiction.   Even where the parties fail to raise relevant jurisdictional challenges, federal

courts are "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of

4

federal jurisdiction." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000)

(quoting *Mt. Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)).

## II.  Discussion

In keeping with the straightforward facts of this case, GW's main legal argument is

uncomplicated.   According to GW, the Indiana Worker's Compensation Act ("the Act")

supplies the exclusive remedy for any claims Mr. Hardy might bring against it as his

employer.   GW argues that the exclusivity provisions of the Act divest this court of

jurisdiction over such claims, and we agree.

Pursuant to the Act, "[e]very employer and every employee" must "comply . . .

respectively to pay and accept compensation for personal injury . . . arising out of and in the

course of employment."   Ind. Code § 22-3-2-2(a).   A plaintiff who sues his employer

under the Act bears the burden of proving each element of his claim.   However, proof of

any single element of an employee's worker's compensation claim "does not create a

presumption in favor of the employee with regard to another element of the claim."   *Id.*   It

is a well-settled tenet of Indiana law that a claim falls within the Act's purview if the

employee-plaintiff alleges:   (1) unexpected personal injury or death; (2) which arises out

of employment; and (3) which arises in the course of employment.[6]   *Evans v. Yankeetown*

*Dock Corp.*, 491 N.E.2d 969, 972-73 (Ind. 1986); *House v. D.P.D., Inc.*, 519 N.E.2d 1274,

1275 (Ind. Ct. App. 1988); *see also Baker v. Westinghouse Elec. Corp.*, 830 F. Supp. 1161,

---

[6]"In the course of the employment" refers to the time, place, and circumstances under
which the injury occurs.   *Wine-Settergren v. Lamey*, 716 N.E.2d 381, 390 (Ind. 1999).

1164 n.2 (S.D. Ind. 1993) (applying Indiana law).

Several statutory limitations curtail the scope of the Act.   One such constraint states, in pertinent part, that:

> [Indiana Code §] 22-3-2 through [Indiana Code] § 22-3-6 shall not apply to:
>     (1) casual laborers[7]. . . ;
>     (2) farm or agricultural employees;
>     (3) household employees; or
>     (4) a person who enters into an independent contractor agreement with a nonprofit corporation that is recognized as tax exempt under Section 501(c)(3) of the Internal Revenue Code . . . to perform youth coaching services on a part-time basis.
> [Indiana Code] § 22-3-2 through [Indiana Code] § 22-3-6 do not apply to the employers or contractors of the persons listed in this subsection.

Ind. Code § 22-3-2-9.   We mention this provision to underscore the fact that Mr. Hardy is not considered an "exempt employee" for purposes of the Act.   Consequently, he is subject to Sections 22-3-2 through 22-3-6 of the Act.   For purposes of Mr. Hardy's lawsuit, however, another constraint is more important.   This limitation on the scope of the Act, Ind. Code § 22-3-2-6, provides that "[t]he rights and remedies granted to an employee subject to [Ind. Code] § 22-3-2 through [Ind. Code] § 22-3-6 on account of personal injury . . . shall exclude all other rights and remedies of such employee."   In other words, an Indiana employee subject to the Act who sustains personal injuries arising out of and in the course of employment has limited recourse:   he is authorized only to file a lawsuit against his employer in state court.

---

[7]"'Employee' means every person, including a minor, in the service of another, under any contract of hire or apprenticeship, written or implied, except one whose employment is both casual and not in the usual course of the trade, business, occupation, or profession of the employer."   Ind. Code § 22-3-6-1(b).

Here, GW has filed its Motion to Dismiss based on the Act's exclusivity provision at Indiana Code § 22-3-2-6.   GW argues that this statutory provision grants exclusive jurisdiction over Mr. Hardy's case to the Worker's Compensation Board of Indiana. Def.'s Mot. at 2.   Mr. Hardy's rejoinder is twofold:   first, he denies that he was GW's employee; and second, he contends that, even if he were GW's employee, the Act does not apply to an injury he incurred en route to work.   Pl.'s Resp. at 3.   For the ensuing reasons, Mr. Hardy's arguments are unavailing.

Mr. Hardy's insistence that GW was not his employer is both unsubstantiated and, we think, disingenuous.   In support of this contention, he offers copies of paychecks "which indicate [that] his employer was [GICI]."   Pl.'s Resp. at 2-3; *see* Pl.'s Resp. Ex. 3 (fourteen checks issued by GICI and payable to "Preston Hardy").   He similarly asserts that a payroll change form with "Goodwill Industries" at the top of the page "indicate[s] [that] his employer [wa]s not GW."   Pl.'s Resp. at 3; *see* Pl.'s Resp. Ex. 4 (payroll change form dated July 27, 2007).   Mr. Hardy's cursory allusions to these documents comprise the whole of his argument.   Without more, and bearing in mind the affidavit of GW's Vice President and Chief Financial Officer referenced above, we believe it is patently obvious that Mr. Hardy was in fact an employee of GW.   As GW correctly notes, its status as a not-for-profit subentity of GICI does not obligate GW to maintain separate financial accounts or books.   Def.'s Reply at 3.   It is therefore unsurprising that GICI issued checks to the employees of its subentity corporations.   As to the payroll change form submitted by Mr. Hardy (a form utilized by GICI and GW), we note that Mr. Hardy's particular form

contains GW's fax number, the acronym "GWCS," and the designated location as "Bldg. 1," all of which tend to prove that Mr. Hardy was an employee of GW.   Def.'s Ex. G.

All told, the record is replete with uncontroverted evidence substantiating that Mr. Hardy was an employee of GW.   *E.g.*, Def.'s Ex. C at 1 (2007 W-2 naming GW as Mr. Hardy's employer); *id.* at 2-4 (2007 GW employee pay history report for Mr. Hardy); Def.'s Ex. D at 1 (2006 W-2 naming GW as Mr. Hardy's employer); *id.* at 2-3 (2007 GW employee pay history report for Mr. Hardy); Def.'s Ex. E (Mr. Hardy's enrollment form for GW's AbilityOne contract).   The only countervailing "facts" are limited to Mr. Hardy's generalized assertions.   In any event, were we to find otherwise, *viz.*, that GICI was Mr. Hardy's true employer, the outcome would be identical.   Indiana law considers parent and subsidiary corporations "joint employers of the corporation's . . . or the subsidiaries' for purposes of [the Act's exclusivity provision at Indiana Code §] 22-3-2-6."   Ind. Code § 22-3-6-1(a).   Claims like Mr. Hardy's are thus "within the exclusive jurisdiction of the workmen's compensation law, which provides an administrative remedy not litigable in federal court under either the pendent or the diversity jurisdiction of the federal courts." *Guess v. Bethlehem Steel Corp.*, 913 F.2d 463, 466 (7th Cir. 1990) (applying Indiana law). Assuming *arguendo* that Mr. Hardy was an employee of GICI, the Act's exclusivity provision bars him from filing this type of lawsuit against any GICI subsidiary in federal court.

Mr. Hardy's second argument is similarly confusing and inapposite.   He begins this portion of his brief with a reference to *Construction Management & Design, Inc. v.*

8

*VanDerWeele*, 660 N.E.2d 1046 (Ind. Ct. App. 1996), which holding he summarizes as follows:   "[I]t was held that the coverage of the Indiana Worker[']s Compensation Law is not applicable to an employee injured on the way to work, off the employer[']s premises, where that employee has no off the premises duties to perform for the employer."   Pl.'s Resp. at 3.   This is not an accurate representation of the holding in *VanDerWeele*, a case with facts clearly distinguishable from those in the instant lawsuit.   In *VanDerWeele*, the plaintiff, who was on a work crew at a private residence, slipped and fell on a driveway as he was walking away from the job site.   The driveway, however, belonged to an adjacent landowner, not the plaintiff's employer.   *VanDerWeele*, 660 N.E.2d at 1048.   Ruling against the plaintiff, the Indiana Court of Appeals stated definitively:

> [I]t is undisputed that VanDerWeele was not on his employer's job site when he fell, but instead had left the premises and was on adjacent private property.   He was not traveling to or from work at the time he was injured, nor was he intending to do anything that can be accurately described as incidental to his employment when he was injured.   We conclude that the facts of this case do not fit within any of the recognized exceptions to the requirement that the injury occur on the employer's premises in order to be compensable.

*Id.* at 1050.   Unlike Mr. VanDerWeele, when Mr. Hardy's injuries occurred, he was on GW's premises, heading to work, and intending to begin his shift as a GW janitor.   His case, therefore, neither materially resembles *VanDerWeele* nor compels the same result.

In addition, the Indiana Supreme Court's decision in *Global Construction, Inc. v. March*, 813 N.E.2d 1163 (Ind. 2004), authoritatively supports our view that Mr. Hardy's fall occurred "on the premises" of his employer.   The *March* court clarified that the concept of "employment" encompasses "a reasonable amount of time and space before and

after ceasing actual employment" and is construed on a case-by-case basis.   *March*, 813

N.E.2d at 1167 (quoting *Reed v. Brown*, 152 N.E.2d 257, 259 (Ind. Ct. App. 1958)).

Importantly, the court discussed circumstances in which "[i]njuries sustained in public

thoroughfares may also be covered" under the Act.   *Id.*   Referring to *Clemans v. Wishard*

*Memorial Hospital*, 727 N.E.2d 1084, 1087 (Ind. Ct. App. 2000), the court emphasized that

such injuries are incidental to employment when the affected employee uses the walkway

as a "convenient and reasonable means of ingress to and egress from its operating

premises."   *March*, 813 N.E.2d at 1167 (quoting *Clemans*, 727 N.E.2d at 1088).   The

same reasoning applies to Mr. Hardy, who was injured on a public walkway to Building

One's entrance five minutes before his shift was to begin.   Because his ingress to Building

One required him to traverse this sidewalk, it must be considered "on the premises"

respecting his employment with GW.   Mr. Hardy's accident was therefore "in the course

of employment" as defined by *Wine-Settergren*, 716 N.E.2d at 390.   As a result, it is

covered by the Act.

A motion to dismiss a claim based on the Act's exclusivity provision of the Act

constitutes an attack on the Court's subject matter jurisdiction.   *Perry v. Stitzer Buick*

*GMC, Inc.*, 637 N.E.2d 1282, 1286 (Ind. 1994).   "[W]hen the court reviews a motion to

dismiss for lack of subject matter jurisdiction, and the plaintiff's complaint reflects an

employment relationship and its role in the injuries alleged, the burden shifts to the plaintiff

to demonstrate some grounds for taking the claim outside the Act."   *Tinner v.*

*Boehringer-Ingelheim Pharms., Inc.*, No. 3:11-0007-RLY-WGH, 2011 WL 3100373, at *1

(S.D. Ind. July 25, 2011).   Mr. Hardy has failed to establish any grounds which might

permit us to assume jurisdiction over his claim against GW.   Therefore, if he wishes to file

suit against GW, he must do so in state court.

### Conclusion

For the reasons detailed above, the Court GRANTS Defendant GW's Motion to

Dismiss Plaintiff's Third Amended Complaint with respect to the claim asserted against

GW.   Accordingly, Plaintiff's claim against Defendant GW Commercial Services, Inc. is

DISMISSED WITHOUT PREJUDICE.   Plaintiff's claim against ~~Defendants Becker and~~

the United States, however, remains pending in this court.   Judgment in accordance with

this entry shall now issue, there being no just reason to delay, pursuant to Federal Rule of

Civil Procedure 54(b).

IT IS SO ORDERED.

Date: _____09/19/2012_____

_Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana


This Amended Entry is issued on the Court on the date reflected below.


Date:   09/21/2012

_Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

11

Copies to:

Kevin Edward Deville
THE LAW OFFICE OF STANLEY KAHN
kdeville@stanleykahn.com

Stanley Kahn
THE LAW OFFICES OF STANLEY KAHN
kahn@iquest.net

Margaret A. Schutte
UNITED STATES ATTORNEY'S OFFICE
margaret.schutte@usdoj.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Robert Francis Dolack
TRAVELERS STAFF COUNSEL OFFICE
rdolack@travelers.com